No. 82-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF
DANIEL JOSEPH MURPHY,

      Petitioner and Respondent,

  -vs-

VICKI LYN MARIE MURPHY,

      Respondent and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

Counsel of Record:

    For Appellant:

        Hartelius & Ferguson; Cameron Ferguson, Great Falls,
Montana
Alexander & Baucus; Ward Taleff, Great Falls, Montana
(For Children)

    For Respondent:

        James, Gray & McCafferty; Robert F. James, Great Falls,
Montana

---

Submitted on Briefs:  April 1, 1983

Decided:  July 19, 1983

Filed:  **JUL 1 9 1983**

*Ethel M. Harrison*

---
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Vicki Murphy, now Vicki Nannini, appeals from an order of the Eighth Judicial District Court, Cascade County, which awarded custody of the parties' minor children to Daniel Murphy and denied her attorney's fees.

Vicki and Daniel Murphy married on March 19, 1977 in Philipsburg, Montana. They established residence in Cut Bank, Montana, which was Daniel's hometown. Sons, Sean and Ryan, were born February 1, 1978 and August 6, 1979, respectively.

On April 14, 1981 Daniel petitioned the Ninth Judicial District Court, Glacier County, for dissolution of the parties' marriage. Three months later the action was dismissed at the request of the Murphys; however, their reconciliation attempt was unsuccessful. On August 25, 1981 the dismissal order was set aside and the cause transferred to the Eighth Judicial District Court for determination. Daniel Murphy petitioned the court for custody of the children; Vicki Murphy asked the court to grant the parties joint custody, with the provision that she would be the residential parent.

After a second reconciliation effort failed, the marriage was dissolved on January 28, 1982. Contested matters, including child custody, were reserved for determination at a later hearing, which was held on July 7, 1982.

The court heard testimony from both parties, Vicki's current spouse, John Nannini, and various friends and relatives. The children's court-appointed attorney cross-examined the parties and several witnesses, and upon the basis of his previous investigation and the testimony

2

presented, submitted his recommendation and report to the court. Thereafter the District Court entered it's findings of fact, conclusions of law and accompanying order, awarding Daniel Murphy custody of the boys. The order further provided that Vicki have "custody" of the boys during Daniel's workday, and that weekend, holiday and summer visitation be determined by reasonable agreement between the parties.

Vicki's objections to the findings of fact were subsequently overruled as were her motions for new trial and amendment to the findings. This appeal followed.

Vicki presents three issues for review. First, she contends the District Court abused its discretion in awarding custody of the children to Daniel. She argues that the District Court failed to afford any (or sufficient) weight to the preference of the parties' four-year old child and penalized her for her conduct during the course of the parties' marriage by denying her custody of her children. Additionally, Vicki argues the District Court erred in failing to explain why the recommendation of the children's attorney was rejected. Because this argument relates to the second issue, we will discuss it below in that context.

Prior decisions from this Court have established that the District Court must consider the wishes of the children regarding custody and make findings as to their wishes or why they were not followed. Milanovich v. Milanovich (1982), _____ Mont. _____, 655 P.2d 961, 39 St.Rep. 1554; Kaasa v. Kaasa (1979), 181 Mont. 18, 591 P.2d 1110; In re Marriage of Kramer (1978), 177 Mont. 61, 580 P.2d 439.

Here, the District Court made no finding regarding the children's preference; Vicki does not contest this fact. Instead she protests the court's finding that the preferences of a four-year-old child have "little evidentiary value in

3

determining custody." Vicki contends more weight should have been afforded to Sean's preference absent evidence of record that the child was too immature to adequately express his wishes.

As an appellate court we cannot reassess the weight of a particular witness's testimony. Just as the trial judge is in a better position to determine child custody because he has heard the testimony and observed the demeanor of the witnesses, Malcolm v. Malcolm (1982), ____ Mont. ____, 640 P.2d 451, 39 St.Rep. 262, the trial judge is singularly equipped to assess the ability of a young child to formulate and articulate his/her custody wishes and weigh that preference in light of the other evidence and factors enumerated in section 40-4-212, MCA. The District Court committed no error by assigning "little" weight to the custody wishes of a four-year-old child.

Vicki next argues that the custody award was predicated on the trial court's desire to penalize her for "marital misconduct." In support of her argument, Vicki refers to several findings of fact included in the district court's order, the particulars of which need not be recited, and this court's decision in Markegard v. Markegard (1980), ____, Mont. ____, 616 P.2d 323, 37 St.Rep. 1539.

Markegard is inapposite to this cause. There, the district court misapplied the doctrine of parens patriae and concluded, without evidentiary basis, the child's interest would be better protected were he to remain in Montana. Here, there is no indication that the District Court based its decision on a misapplied legal doctrine.

Although we may not agree with the trial court's custody decision or the necessity of implying that Vicki's conduct reflected upon "her fitness as a parent, her stability and

4

her priorities," we cannot say the trial court abused its discretion or made findings against the clear preponderance of the evidence. Absent such determinations, a custody award will not be reversed. Jensen v. Jensen (1979), 182 Mont. 472, 597 P.2d 733.

The second issue raised is that the District Court erred in failing to set forth its reasoning in rejecting Vicki's request for joint custody. Since the children's attorney recommended that joint custody be awarded to the parties and that Vicki be designated as the residential parent, the district court's failure to address that recommendation in its findings was error.

Section 40-4-224, MCA, expressly provides that "[u]pon application of either parent . . . for joint custody, the court shall consider whether or not joint custody is in the best interest of a minor child. If the court declines to enter an order awarding joint custody, the court shall state in its decision the reasons for denial of an award of joint custody." (emphasis added)

Sections 40-4-222, MCA, et seq., did not come into effect until October 1, 1981, approximately three months after this cause was reinstated. Nevertheless the District Court was bound to follow their mandate. The statutes regarding joint custody did not change the substantive rights of the parties but merely affected the procedure to be followed in custody proceedings. We have long recognized the applicability of new procedural statutes to pending cases. See, e.g., State ex rel. Johnson v. District Court (1966), 148 Mont. 22, 417 P.2d 109; 82 C.J.S., Statutes, Section 416, et seq.

Because the district court's findings do not comply with section 40-4-224, MCA, the custody award must be vacated and

5

this cause remanded for further findings. A new trial is not required.

Finally, Vicki contends that the District Court erred in refusing to award her attorney's fees.

Under section 40-4-110, MCA, the court has discretion to award attorney's fees and costs to either party. On appeal, the well established rule is that, where there is substantial evidence to support the findings of the District Court, neither the findings nor the court's discretion will be disturbed. In re Marriage of Brown (1978) ,179 Mont. 417, 587 P.2d 361.

The District Court was apprised of the relative financial status of the parties and knew that Vicki would receive $7,000.00 under the parties' approved property settlement. On that basis, the court found her to be capable of paying her attorney's fees. Upon review of the record, we find no reason to interfere with the court's finding or conclusion.

The denial of attorney's fees is affirmed but the child custody order is hereby vacated and this cause remanded for further findings as required by this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6