No. 83-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF

C.C.W.,

Petitioner and Appellant,

and

H.M.W.,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Keefer, Roybal, Hanson, Stacey & Jarussi; Calvin J.
Stacey, Billings, Montana

For Respondent:

Craig R. Buehler, Lewistown, Montana
Jones, Jones & Work, Billings, Montana

Submitted on Briefs: June 30, 1983

Decided: September 8, 1983

Filed:

SEP 8 - 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

C.C.W. (mother) appeals from the modification award of the District Court of Yellowstone County granting custody of three minor children to H.M.W. (father). Inititally pursuant to agreement, custody of the children had been awarded to the mother. We affirm the District Court.

The marriage between husband and wife was terminated by decree of dissolution dated October 18, 1976, incorporating the separation agreement of the husband and wife. Custody of the three minor children, together with a fourth child not involved in this proceeding, was awarded to the mother with reasonable visitation rights to the father. In August 1980, the father filed a motion with the District Court requesting modification of the custody arrangement. Hearing was held on March 12, 1981, and the testimony of a number of witnesses was presented in behalf of both parties. The District Court entered its findings of fact and conclusions of law and determined that custody of the three minor children should be placed with the father. The determination of the District Court was appealed to this Court, which remanded the case to the District Court for the entry of findings of fact sufficient to resolve the conflicts in the evidence. Amended findings of fact and conclusions of law were entered by the District Court on January 18, 1983, based upon the evidence originally submitted in March 1981.

The issues are:

(1) Did the evidence establish the change in circumstances required under section 40-4-219, MCA?

(2) Did the evidence establish that the environment with the mother seriously endangered the physical, mental, moral or emotional health of the children as required under section 40-4-219, MCA?

2

Counsel for mother presents an extensive review of the testimony submitted in behalf of both the mother and the father. In doing so, counsel emphasizes that the witnesses testifying for the mother contradicted the witnesses testifying for the father on a great many essentials necessary to prove the father's case. Because of the conflict in the testimony, mother's counsel suggests that there has been a failure to show the change in circumstances required for jurisdiction. We agree there are many conflicts in the testimony, but disagree with the conclusion on the part of counsel.

The standard of review of the evidence by this Court is stated in Jensen v. Jensen (1981), Mont., 629 P.2d 765, 768, 38 St.Rep. 927, 930:

> "This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings."

The same limited standard of review is set forth in Nicolai v. Nicolai (1981), Mont., 631 P.2d 300, 303, 38 St.Rep. 1100, 1103, where we pointed out that findings of a district court may not be set aside unless they are clearly erroneous under Rule 52(a), M.R.Civ.P. We consider only whether substantial credible evidence supports the findings and will not overturn the findings unless there is a clear preponderance of evidence against them. "The trial court's decision concerning child custody will not be disturbed unless there is a clear abuse of discretion." In Re Marriage of McLean (1980), Mont., 609 P.2d 282, 284, 37 St.Rep. 589, 591.

The challenged findings of fact are:

"IV

Since the entry of the prior decree, changes have occurred in the circumstances of the mother in that she does not properly care for the children.

V.

The children have been inadequately provided with clothing, endangering their physical health, including not having proper shoes and coats in the winter.

VI.

The children's emotional, moral and mental health has been endangered by the mother's constant association with several different violent, alcoholic males.

VII.

The children's physical health is threatened by the lack of cleanliness in the home as well as the mother's failure to keep the children and their clothing clean.

VIII.

The mother's failure to adequately supervise the children in personal hygiene has resulted in severe tooth decay and other health problems."

In addition, the District Court found that the father and his present wife desire the custody of the children and have a stable and comfortable environment.

The first issue is whether the evidence established the change in circumstances required under section 40-4-219, MCA. While the findings are not detailed, a significant change is noted in that the mother does not properly care for the children and has inadequately provided them with clothing, endangering their physical health. In addition, change is shown in that the emotional, moral and mental health of the children has been endangered because of the mother's constant association with several different violent, alcoholic males. Last, the lack of cleanliness is an indication of a change from the original agreed capacity of the mother. Considered

4

together, these findings, if supported by the evidence, are sufficient to meet the statutory requirement of change in circumstances.

The second issue is whether the present environment endangers the physical, mental, moral or emotional health of the children. Again, while the findings are not detailed, they do contain sufficient facts upon which to base the conclusion reached by the District Court if there is sufficient evidence in the record to sustain the findings.

While the record does show contradictory testimony by a number of the witnesses testifying for the mother as compared to the father, it is important to consider the testimony and report of the Yellowstone County social worker involved in this case. She had approximately 15 years of experience. She conducted five personal interviews with the mother, three interviews with the father, interviews with approximately ten of the persons in the schools attended by the minor children, interviews with the family dentist and family doctor, an interview with the counselor who knew both parties, and an interview with personnel in the Sheriff's Department. She was aware that modification of custody could be made only after a showing that the physical, mental, moral or emotional health of the children would be harmed and that the harm caused by the change of environment should be outweighed by the advantages of the change. She prepared a comprehensive and well documented nine-page report and testified extensively on both direct and cross-examination. Her report and testimony clearly established that there had been a change in the circumstances of the mother and that there was a factual basis for findings VI, VII and VIII of the District Court. Her conclusion was that a modification of custody was proper. She recommended that the custody of the three

children be changed from the mother to the father. While some parts of the testimony of other witnesses for the father were contradicted in part, there is more than sufficient evidence to establish a factual basis for findings IV and V, that the children lacked proper care and had been inadequately provided with clothing, endangering their physical health.

We emphasize the evidence on the part of the social worker because much of her testimony is uncontradicted and forms a solid base for the conclusions reached by the District Court. We need not review the balance of the evidence most favorable to the father. We only point out that there is substantial evidence to support the contentions of the father and the social worker, as well as to support the District Court's findings. Even though parts of that testimony are contradicted by other testimony on the part of the mother, we emphasize that the credibility and weight of such conflicting evidence is within the province of the trier of fact. Matter of Custody of R.L.S. (1981), Mont., 632 P.2d 703, 706, 38 St.Rep. 1328, 1332, citing Rankin v. Ferriter (1969), 76 Wash.2d 533, 537, 458 P.2d 176, 179.

We conclude there is substantial evidence to establish a change in circumstances of the children and their custodian, and that the children's environment with the mother seriously endangered their physical, mental, moral or emotional health. We affirm the District Court.

_____
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_L. C. Gulbrandson_

_John B. Memon_
Justices