No. 83-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

RAE ANN BEITZ,

        Petitioner and Appellant,

   and

ROBERT LEE BEITZ,

        Respondent and Respondent.

APPEAL FROM:  District Court of the Fourth Judicial District,
                 In and for the County of Sanders,
                 The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Milodragovich, Dale & Dye, Missoula, Montana

    For Respondent:

        James A. Manley, St. Ignatius, Montana
        John McCrae, Dept. of Revenue, Missoula, Montana

Submitted on Briefs:  March 1, 1984

Decided:  June 28, 1984

Filed:  JUN 28 1984

*Ethel M. Harrison*

—————————————
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mrs. Beitz, Appellant, sought dissolution of her marriage from Mr. Beitz, Respondent. The Fourth Judicial District Court, Sanders County, granted temporary custody of the children to Mrs. Beitz and entered its decree of dissolution of the marriage. The parties executed a property settlement agreement which was approved by the District Court. Two years later the District Court granted permanent custody of Cody Beitz, child, to Mr. Beitz and denied Mrs. Beitz' motion to set aside the property settlement agreement. We affirm the actions of the District Court.

The issues presented by the parties are:

1. Are the findings of fact and conclusions of law of the District Court supported by substantial credible evidence?

2. Did the District Court apply the wrong legal standard in making its final custody determination as to Cody Beitz?

3. Did the District Court err in denying Mrs. Beitz' motion to reject the property settlement agreement on the grounds of unconscionability?

Mr. & Mrs. Beitz were married in 1972. Mrs. Beitz had two children which were adopted by Mr. Beitz. The parties had one child born of their marriage, Cody Beitz. In July 1981, Mrs. Beitz filed her petition for dissolution of marriage. On July 30, 1981, the court granted Mrs. Beitz custody of the minor children during the pendency of the action, with a provision that the order was made without prejudice to the rights of the parties or their children. On September 28, 1981, the court dissolved the marriage and reserved all other issues, including child custody and division of property. On October 21, 1981, a property

settlement and stipulation agreement was executed by the parties and their attorneys, and was approved by the court on the same date. Hearing on the other issues reserved by the court was held on July 26 and August 31, 1983. At that time both parties had attorneys different from those that represented them in 1981. The court made its findings of fact, conclusions of law and order dated September 19, 1983, as entered on August 31, 1983. The court granted custody of Cody Beitz to Mr. Beitz subject to reasonable rights of visitation for Mrs. Beitz and denied Mrs. Beitz' motion to set aside the property settlement agreement. Additional facts will be set forth in our discussion of the issues.

I

Are the findings of fact, conclusions and decree awarding custody of Cody Beitz supported by substantial credible evidence?

Mrs. Beitz makes extensive arguments with regard to the sufficiency of the evidence in various particulars. Mrs. Beitz argues that the finding that Cody's desire to live with his mother was ambivalent and was influenced by his mother is not supported by the evidence; that the finding of time available on the part of the other Beitz children to spend with Cody is not supported by the evidence; that the findings as to Cody's adjustment to home, school and community and the stability of Mr. Beitz' home are inaccurate and incomplete; and that the court's findings contain a series of assertions which are based on speculation or which demonstrate no harm to the best interests of Cody.

Extensive testimony was presented by a total of twelve witnesses which included both Mr. and Mrs. Beitz, all three of the Beitz children, who were interrogated separately in chambers by the District Court, and other persons. The

3

evidence is replete with contradictions, such as the statement of Cody Beitz, an eight year old, that he would prefer to stay with Mrs. Beitz, and evidence showing that Mrs. Beitz had significant problems with discipline and control of her children, including evidence showing that the oldest Beitz child dropped out of school at age sixteen. The record is filled with evidence indicating problems on the part of both Mr. and Mrs. Beitz with regard to such parental concerns as absence of discipline or overly strict discipline, love of Cody as compared to giving him his own way, whether the amount of parental time spent with Cody was sufficient to establish the necessary parental control as he developed, particularly with regard to school performance, and problems concerning the type of persons the parents associated with as related to Cody's development. Both Mr. and Mrs. Beitz desired Cody's custody. Although the record suggests Cody may have some problems in making friends in new towns, there have been a number of changes of residence and lack of a stable home and supervision.

We relate these elements only to point out the obvious contradictions in the evidence which had to be resolved by the District Court. We emphasize that this Court does not become a trier of fact where there are these types of contradictions. The District Court had the unique opportunity of both seeing and hearing the twelve witnesses, including the three children. It would be singularly inappropriate that we should second guess that court.

Our standard of review is stated in In Re Marriage of C.C.W. (Mont. 1983), 668 P.2d 1065, 1066, 40 St.Rep. 1455, 1456, quoting Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930:

4

"'This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings.'"

A review of the transcript and other evidence discloses that there is substantial credible evidence to support all of the contested findings and conclusions of the District Court. Mrs. Beitz has failed to demonstrate a clear preponderance of evidence against such findings and conclusions. We hold that the findings, conclusions and decree are supported by substantial credible evidence and should not be overturned.

## II

Did the District Court apply the wrong legal standard in making its final custody determination as to Cody Beitz?

Mrs. Beitz argues that the District Court modified an existing decree which had been in effect for several years and to which Mr. Beitz had consented, at least by implication. She further argues that this modification disturbs custodial continuity, a principle that has been approved in other cases.

While the principles argued in behalf of Mrs. Beitz are appropriate, they do not control under these specific facts. The District Court in 1981 granted temporary custody, but provided that this custody award was without prejudice to the rights of the parties or the children. As a result, that determination cannot be treated as binding upon the parties or the children in any manner.

Mrs. Beitz further argues that the court failed to take into consideration that she was the primary person involved in the care, education and rearing of Cody and that this custody change will result in a severe break in the

5

continuity of that relationship. Such evidence was submitted for consideration by the District Court. There is also evidence to the contrary in terms of Cody's best interest. There is substantial evidence to support the District Court's custody determination.

We conclude that the District Court did not apply the wrong legal standard in making its custody determination as to Cody. We are not approving the delay of approximately two years from the original dissolution to the final custody determination. We have previously emphasized that property settlement and custody should be decided without delay after dissolution of marriage. In the present case, however, the two year delay allowed Mrs. Beitz to have temporary custody of her son during that period and allowed the court to evaluate that custody. We affirm the District Court's custody determination as to Cody Beitz.

III

Was the property settlement and stipulation agreement unconscionable?

On October 21, 1981, the property settlement agreement was executed by Mr. and Mrs. Beitz and their counsel, and was approved by the District Court. The court in its September 19, 1983 order pointed out that the agreement states there was no fraud, coercion or undue influence which affected the property settlement agreement and that no credible evidence of any impropriety was submitted to the court. The court further noted that the conscionability of the agreement and its provisions was reviewed and approved by the court. The court concluded that Mrs. Beitz had not proved sufficient grounds for setting aside the property settlement agreement.

Under the terms of the property settlement agreement, Mrs. Beitz received the house and also executed a note for

6

$6,600, payable to Mr. Beitz at the rate of $300 per month. Her $300 per month payments were subject to the obligation of Mr. Beitz to pay $300 per month child support payments to Mrs. Beitz. For several years Mr. Beitz paid $300 per month to a bank escrow account, and that bank then returned the $300 to Mr. Beitz as required under the terms of the Mrs. Beitz - Mr. Beitz note. Mrs. Beitz now argues that such conduct by Mr. Beitz constituted an abandonment of his obligation to support the children, so that the property settlement was unconscionable. As a result of the $300 per month payments, Mrs. Beitz had discharged her $6,600 note to Mr. Beitz and held full title to the house by August 1983. The District Court found nothing unconscionable under the facts of the case. There is substantial evidence to support that conclusion and we affirm the holding of the District Court.

The September 19, 1983 decree of the District Court is affirmed.

Justice

We concur:

Justices

7