No. 83-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

DEBRA D. CONCEPCION,

              Petitioner and Respondent,

    and

ELIAS CONCEPCION,

              Respondent and Appellant.

APPEAL FROM: The District Court of the Fourth Judicial District,
             In and for the County of Missoula,
             The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

         Stewart A. Pearce, II, Missoula, Montana

    For Respondent:

         Terry A. Wallace, Missoula, Montana

                              Submitted on Briefs: April 12, 1984

                                        Decided: August 30, 1984

Filed:AUG 3 0 1984

*Ethel M. Harrison*
_____
              Clerk

Debra D. Concepcion, wife, petitioned the District Court of the Fourth Judicial District, Missoula County, and obtained a court order distributing the marital estate. Elias Concepcion, husband, appeals. We affirm.

The issues raised by the husband are:

1. Did the District Court commit prejudicial error in refusing to grant husband's motion for continuance?

2. Are the findings of fact and conclusions of law proper?

3. Did the trial court err in awarding attorney's fees to wife?

4. Did the trial court abuse its discretion in establishing the visitation rights of the husband?

The uncontested findings of fact by the District Court show that the parties were married in 1975. The wife's petition for dissolution of the marriage was served upon the husband on August 30, 1979. The marriage was dissolved on December 15, 1980; and the wife was granted custody of the parties' two minor children. The court reserved ruling on the distribution of the marital estate. A hearing on distribution of the marital estate took place on May 21, 1982, approximately 17 months after the dissolution decree was entered.

The District Court findings show that, at the time of the hearing, wife was 25 years of age, in good health and received approximately $1,150 per month from various sources. She had been unemployed for over a year. At the same time, the husband was 29 years of age, a disabled veteran, in chronically poor health, and completely paralyzed below the neck as the result of a traffic accident. Husband received veteran's and social security benefits in excess of $3,600 per month. Wife, without significant vocational skills or

2

education, had no real opportunity for future acquisition of capital assets and income. Husband, with a high monthly level of benefits, had a substantial opportunity to acquire capital assets and income. All of the personal property acquired during the marriage had been divided between the parties. The estimated value of the parties' residence in Puerto Rico was between $80,000 and $100,000. The equity in the residence had been paid mostly by veteran's benefits of the husband, including a $30,000 grant used as a down payment. The court found that although petitioner's contribution to the marriage as a homemaker and her monetary contributions to the marriage entitled her to a share of the residence, due to the husband's physical condition, it would be inequitable to award her any portion of it except for $208.83.

The parties do not take issue with the disposition of marital property based upon the foregoing findings.

I

Was it prejudicial error to refuse to grant husband's motion for continuance?

Husband argues that a continuance was required because of insufficient preparation time, schedule conflicts, and the wife's abuse of rules of discovery, including failure to obey orders to compel discovery, by virtue of which husband's discovery was incomplete. The record does not show facts to substantiate these contentions.

Under section 25-4-501, MCA, a motion to postpone on the grounds of absence of evidence shall be made only upon affidavit showing the materiality of the evidence and that due diligence has been used to procure it. No such affidavit was here presented.

3

Section 25-4-503, MCA provides:

"Upon good cause shown and in furtherance of justice, the court may, in its discretion, postpone a trial or proceeding upon other grounds than the absence of evidence under such conditions as the court may direct." (emphasis added)

The record does not disclose any grounds which warranted postponement. As a result, we affirm the District Court's denial of the husband's request for a continuance.

## II

Were the findings of fact and conclusions of law proper?

Our review of the transcript discloses that husband limited his appearance to cross-examination of the wife and failed to submit any evidence in his case in chief. The transcript contains substantial evidence to support the findings of fact and conclusions of the District Court.

Under Rule 52(a), M.R.Civ.P., findings of fact shall not be set aside unless clearly erroneous. This Court's standard of review was stated in Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930 and recently cited with approval in In re the Marriage of Beitz (Mont. 1984), ____ P.2d ____, 41 St.Rep. 1247, 1249:

"This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings."

Husband has totally failed to show how the findings are erroneous. We find substantial evidence to support the findings and conclusions of the District Court. We hold that the findings and conclusions were proper.

## III

Did the trial court err in awarding attorney's fees to the wife?

By affidavit filed with the District Court on June 4, 1982, wife's counsel established attorney's fees of $1,575.00. The record discloses no specific objection on the part of the husband. The findings of fact, conclusions of law and opinion of the court were made and entered on April 13, 1983. The husband filed notice of appeal prior to the actual entry of a District Court order awarding the fees. The husband has failed to present any evidence bearing upon the question of attorney's fees. It was therefore appropriate for that court to award attorney's fees in accordance with the affidavit submitted by the wife's counsel approximately eleven months before entry of the court's findings of fact, conclusions of law and opinion.

IV

Did the District Court abuse its discretion in establishing the husband's visitation rights?

The transcript sets forth substantial evidence upon which to base a restriction of the husband's visitation to the continental United States, leaving the visitation schedule to be worked out between the parties and making the husband responsible for all costs attendant to visitation. Absent evidence to substantiate a different conclusion, we affirm the visitation rights of the husband as determined by the decree.

We affirm the District Court and return this proceeding to that court in order that it may make an appropriate order for attorney fees at the district court level and such other order as it deems appropriate in accordance with this opinion.

Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6