No. 85-47

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
MARGARET I. SHELTON,

        Petitioner and Respondent,

    and

MICHAEL L. SHELTON,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
          In and for the County of Yellowstone,
          The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lynaugh, Fitzgerald & Hingle; William P. Fitzgerald,
        Billings, Montana

    For Respondent:

        James J. Sinclair, Billings, Montana

_____

        Submitted on Briefs:  Nov. 14, 1985

                Decided:  January 21, 1986

Filed:  JAN 21 1986

_____
              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Husband appeals a judgment entered in the Thirteenth Judicial District, Yellowstone County, on September 6, 1984, which awarded to the wife certain appreciated values of husband's stock and real estate that husband owned before the marriage. Husband also appeals the denial of joint custody and the restriction of summer visitation to two weeks.

We affirm the judgment.

Appellant raises the following issues:

1. Did the District Court err in awarding the wife the appreciation in value of premarital stocks when the court had evidence the appreciation was due to dividends and stock splits and not to the wife's contributions?

2. Did the District Court err in awarding the wife an equivalent cash value of the appreciation of real estate brought into the marriage by the husband?

3. Did the District Court err in denying joint custody to the husband and/or more than two weeks summer visitation?

The parties were married June 28, 1975. Three children have been born as issue of their marriage: Karina, born September 26, 1976; Katie, born March 27, 1979; and Kindra, born November 23, 1981. During the marriage, wife was the primary homemaker and during some periods also worked outside the home. Husband was the primary breadwinner, but he also contributed to child care and other homemaking activities. There was long-term serious marital discord, and the wife left the family residence in Billings in October 1983. She and the three children went to her hometown of Great Falls, and she petitioned for dissolution on November 2, 1983.

The court entered detailed findings and conclusions on September 4, 1984, and the judgment based upon these on September 6, 1984. On the issue of property disposition, the court found that the marital estate was $130,355 before an allowance for husband of $13,000 of premarital assets towards acquiring the family home, $1,000 towards the purchase of another lot, and $4,123 towards the thrift plan prior to the marriage for a total of $18,123. The court subtracted this net total premarital contribution from the marital estate, based upon the figures husband brought to the hearing, and found that the net marital estate was $112,232.

To make the property distribution as nearly equal as possible, the court distributed the family home in Billings valued at $51,000 plus $23,000 in their savings and additional property to husband for a total of $92,855. Subtracting his premarital contribution of $18,123 and the obligations he was responsible for of $19,100, husband's share of the net marital estate was $55,632.

The court awarded wife $56,600 of the net marital estate, including $50,000 in their savings plan and some personal property. The court painstakingly justified giving her $484 more of the net marital estate as reasonable in view of the $18,123 treated as a premarital asset of husband. In Finding No. XXXVIII, the court noted that husband had traced his premarital assets, but any growth during the marriage was due in part to inflation. Wife was entitled, the court found, to a set-off due to her nonmonetary contribution as a homemaker.

The court found it in the best interests of the children, pursuant to the statutory requirements of § 40-4-212, MCA, to remain in the custody of their mother. The distance

between the parties, husband's difficulty in getting to Great Falls, and the impediments to communication made it an inappropriate situation for joint custody, the court found. The findings detailed husband's past problems in dealing with the divorce, the more recent course of counseling and the court's observation of and concern as to his emotional stability. The court also discussed in the findings its observation of the wife's greater stability.

Based upon these findings, the court awarded custody of the three girls to wife but allowed husband liberal visitation, including alternate holidays, visitation at any time with twenty-four hours notice, and, if wife were in the Billings area, she was to give him twenty-four hours notice so that he could see the children. Finding No. XXI stated:

> It is my finding that [husband] should have a visitation schedule in order to determine if in fact he is stable enough, emotionally, to be with the children, in an unsupervised arena. I find that he should at least be given the opportunity at the present time in order to prove himself. Subsequent thereto, it may be appropriate to enter a joint custody order, but it certainly is not appropriate at this time. Likewise, it may be appropriate to terminate his visitation if he does not use the visitation for the children's best interests, but to strike back at the petitioner.

In addition to the visitation schedule, the court determined that husband could have his children for a two-week period in the summer which must coincide with his vacation.

I

We will first consider the issues raised on division of the marital estate. Appellant husband contends that the court erred in not figuring the growth on the premarital

4

portion of stocks and the appreciation on the premarital portion of the real estate as accruing to him since the wife did not contribute to this growth. Appellant contends that the court erred in this property distribution in finding the wife's nonmonetary contribution offset any growth not due to her efforts, particularly where the court made no finding on the issue of alimony.

There was no abuse of discretion in the court's detailed distribution of the property. In their nine-year marriage, respondent wife has made nonmonetary contributions as a homemaker. The issue of alimony and the lack of finding is irrelevant in that respondent did not petition for alimony. The court was simply asked to apportion the marital estate.

An equitable distribution does not mean an "equal" distribution of the marital estate. "The court is not required to distribute equally but rather to consider the criteria set forth in § 40-4-202, MCA, to make an equitable distribution." In re the Marriage of Edwards (Mont. 1985), 699 P.2d 67, 70, 42 St.Rep. 593, 596. The court entered detailed findings, following the statutory requirements.

The standard of review of a division of the marital estate is whether the court acted arbitrarily, without the use of conscientious judgment, or whether it exceeded the bounds of reason, given the individual circumstances. In re the Marriage of Hill (1982), 197 Mont. 451, 643 P.2d 582, following In re Marriage of Laster (1982), 197 Mont. 470, 643 P.2d 597. We hold that the court exercised conscientious reasonable judgment, given the individual circumstances, in dividing the marital estate.

Next we will address appellant's appeal from the judgment denying joint custody and limiting summer visitation to two weeks each summer. Appellant sought joint custody of the children and summer visitation of six to ten weeks.

The District Court detailed to an extraordinary degree its concerns on the children's best interests. Furthermore, it left the door open for appellant to demonstrate, in the future, his capacity for joint custody or a longer period of visitation.

This Court will not reverse a determination of custody absent abuse of discretion by the District Court. Gilmore v. Gilmore (1975), 166 Mont. 47, 530 P.2d 480. Pursuant to § 40-4-219, MCA, the court may in its discretion modify a prior custody decree if it finds upon the basis of facts that have arisen since the prior decree, or that were unknown to the court at the time of entry of the prior decree, and that based thereon a modification is necessary to serve the best interests of the child or children. Section 40-4-219(1), MCA. Section 40-4-219, MCA, places a heavy burden on the party seeking modification of a custody decree. Groves v. Groves (1977), 173 Mont. 291, 298, 567 P.2d 459, 463. The lower court here allowed for a possibility of modification if appellant could show such a change of circumstances that would serve the best interest of the children.

Under Rule 52(a), M.R.Civ.P., we will not set aside findings of fact unless clearly erroneous. In re the Marriage of Concepcion (Mont. 1984), 687 P.2d 718, 720, 41 St.Rep. 1675, 1677. We will not substitute our judgment for that of the lower court if substantial credible evidence supports the findings and conclusions. Concepcion, supra.

The District Court did not abuse its discretion. Its judgment is supported by substantial credible evidence. We find no error in the court having awarded custody of the minor children to respondent.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7