No. 88-556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
GWYN ANN ALLEN,

       Petitioner and Appellant,

   and

DONALD GARY ALLEN,

       Respondent and Respondent.

_____

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        David Allen Dick, Wolf Point, Montana
        Denise Peterson; Jackson, Murdo, Grant & Larsen, P.C.,
        Helena, Montana

    For Respondent:

        Robert Hurly, Glasgow, Montana

_____

Submitted on Briefs: February 16, 1989

Decided: April 12, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner Gwen Allen (hereinafter referred to as the Wife) appeals from an award of joint custody of the parties' three minor children. In April, 1988, the District Court granted physical custody of the two older children to respondent Donald (hereinafter referred to as the Husband) until August, 1988, at which time the court would re-examine physical custody. At the later hearing, the District Court made another temporary determination of physical custody until August, 1989, at which time a hearing is set to re-examine and determine physical custody for the following year. We affirm the award of joint custody and find under these circumstances it was not an abuse of discretion to maintain jurisdiction to determine physical custody.

This appeal arises from a particularly acrimonious custody battle. The parties were unfriendly and uncooperative throughout the proceeding, especially regarding custody and visitation. Much of the testimony involved the Wife's allegations that the Husband had an indiscreet relationship with his live-in girl friend. At the conclusion of the original hearing on January 26, 1988, Judge Langen concluded the parties would have joint custody.

> I find that . . . the presumption prevails and that I must award joint custody. I base that on the fact that when I consider the factors set forth in 40-4-212, I find that in my finding, after listening to the testimony here for these many hours, that there is no testimony which would come within the provisions of 1 through 6, which would allow me to find other than that the presumption prevails.

Judge Langen found ample evidence the Wife had obstructed the Husband's attempts to visit the children, however, he requested the parties to work out a visitation schedule whereby the Wife would be the primary custodian during the ten school months and the Husband would have the two older children for two months in the summer, plus other liberal visitation on weekends and holidays. Judge Langen concluded:

> However, if she [Wife] continues to hamper visitation on the part of the father, or tends to interfere with his right to have prolonged visitation or custody, I'll change the decree, and I'll give him the custody, and you can be the non custodial parent trying to get visitation rights.

On February 1, 1988, the Husband moved the District Court for a new trial, to amend findings of fact, or to reopen the case for presentation of further evidence. The motion alleged that the Wife was continuing to hamper the Husband's visitation with the children and was not making a cooperative effort to set a visitation schedule. The motion requested an immediate order granting physical custody of the two older children to the Husband.

On February 5, 1988, Judge Langen heard testimony from both parties regarding what transpired following the initial hearing. He then ordered the parties to remove to a conference room and attempt to reach an agreement. The parties evidently reached some agreement but the Wife refused at the last moment to commit to its terms. Judge Langen then stated that he would settle the dispute since the parties could not. Before the close of the hearing, the Wife's attorney advised the Judge that under Montana law, joint custody does not require equal physical custody.

3

On April 1, 1988, Judge Langen entered his findings of fact, conclusions of law, and decree and judgment. The marriage was ordered dissolved, the marital property was divided, child support was determined, and the parties were awarded joint custody of the children. The court determined that the Husband should have the two older children for the months of April, May, July and August, 1988. An August 19, 1988, hearing was scheduled in the findings, at which time the Judge was to determine custody for the ensuing months. The Judge strongly recommended the parties prepare a written plan of physical custody and visitation which would obviate the need for the August hearing.

Prior to the August hearing, the Wife moved for the recusal of Judge Langen on the allegation that he participated in the negotiations between the parties during the February 5, 1988, hearing. Judge Langen complied with the motion, but noted that his recollection of the facts differed considerably from those alleged in the motion. Judge Sorte then accepted jurisdiction of the case. The August hearing was vacated and rescheduled for September 9, 1988.

During the September hearing, the Wife realleged facts of the Husband's unfitness as a parent which were made during the first hearing. The Wife also made numerous additional allegations, not mentioned during the first hearing, which ranged from marital rape to bad driving habits. Judge Sorte was not sure how this testimony related to a determination of future physical custody, but he allowed the Wife to so testify. After hearing the testimony and considering post-hearing briefs from both parties, Judge Sorte entered his findings of fact, conclusions of law and supplemental judgment and decree regarding custody on September 26, 1988. The court concluded that custody of the two older children

4

should remain with the Husband through the 1988-89 school year. The Judge scheduled an August 15, 1989, hearing to determine custody of the children for the ensuing school year, but gave the parties an opportunity to make their own custody arrangements. This appeal followed.

The Wife raises the following issues for our review:

1. Was it an abuse of discretion to order a custody arrangement different from that which was established in the temporary custody order without making a specific finding of changed circumstances?

2. Did the District Court ignore all "best interest" factors except visitation?

3. Did the District Court order equal physical custody because it erroneously concluded the law required such an award?

4. Is this appeal limited to the issues of the supplemental order of September 23, 1988, or may we consider issues determined by the order of April 1, 1988?

5. Was it error for either District Court Judge to make custody arrangements without establishing a final physical custody plan?

Issue No. 1.

Was it an abuse of discretion to order a custody arrangement different from that which was established in the temporary custody order without making a specific finding of changed circumstances?

The Wife filed her petition for dissolution in September, 1985. She was granted temporary custody upon her ex parte motion on the same day. At a subsequent hearing, the parties stipulated that the Wife would have temporary custody but the Husband would be allowed certain visitation rights. Since this case was not heard until February, 1988,

the Wife had temporary custody for nearly two and one-half years from the date she filed her petition for dissolution.

The Wife argues the grant of physical custody of the two older children to the Husband was error because there was no finding of changed circumstances to support the "modification" from the temporary custody order. The Wife reads the recent case of In re the Custody of Andre (Mont. 1988), 761 P.2d 809, 45 St.Rep. 1745, as requiring a court to make a finding of changed circumstances before any final custody order can be made which alters the temporary custody order. We disagree with that interpretation.

The facts in Andre were substantially different from those of this case. The parties there were not acting under a temporary custody order, but had agreed to a custody arrangement between themselves, without judicial supervision. The de facto custody arrangement had continued for nine years. Here, the children were initially awarded to the Wife upon her ex parte motion. At a later hearing, through stipulation by both parties, the Wife was temporarily awarded custody pending resolution of the action. While the temporary order did not specifically state that the rights of the non-custodial parent would not be prejudiced, as in In re Marriage of Beitz (1984), 211 Mont. 111, 683 P.2d 485, we conclude that, under these facts, the temporary order did not require a showing of changed circumstances before the final custody order could alter the terms of the temporary custody order.

As expressed in § 40-4-213, MCA, the best interest test is the standard used by the court to award temporary custody. However, the court, upon motion for temporary custody, is only determining the best interest of the child with regard to temporary custody pending resolution of the action.

> Temporary child custody is merely an initial determination made to ascertain which of [the] parents will keep children until such time as full hearing on custody can be made.

27C C.J.S. Divorce, § 642, footnote 30. While district courts must consider the stability of the child's home when it determines custody, it would nevertheless be inherently unfair to require the temporary non-custodial parent to make a higher threshold showing of changed circumstances before a custody order may deviate from the temporary order.

According to the Wife's reasoning, temporary custody would require a non-custodial parent who seeks final custody to bear a heavier burden to show changed circumstances under § 40-4-219, MCA. This interpretation goes against the policy of this temporary custody statute. The commissioner's note to § 40-4-213, MCA, states:

> [This action] encourages trial courts to issue temporary custody orders without formal hearing whenever possible. Since the hearing itself may be a traumatic event for both parents (and therefore for their children, indirectly), the trial court is authorized to make temporary orders on the basis of affidavits alone unless one of the parties files formal objection to that procedure. In most cases, it is expected that trial judges will award temporary custody to the existing custodian so as to minimize disruption for the child.

If the Wife's interpretation were correct, parents would be forced to vigorously litigate temporary custody in an attempt to avoid the changed circumstances burden. Such a result would be contrary to the purpose of the temporary custody statute. We conclude that under the facts of this case, the District Court was not required to make a finding

7

of changed circumstances before granting physical custody of the two older children to the Husband.

Issue No. 2.

Did the District Court ignore all "best interest" factors except visitation?

The Wife argues that both Judge Langen and Judge Sorte abused their discretion by not looking to the best interest of the children in awarding the parties joint custody. We disagree. There is no evidence that either Judge ignored the best interest factors. In fact, the transcript illustrates Judge Langen examined the facts under the statutory standards, and he specifically examined §§ 40-4-212, -222, and -223, MCA. Judge Langen spoke directly to the allegation of physical abuse of the Wife, the wishes of the parents, the wishes of the children, and the interaction and interrelationship of the parents with the children.

Judge Sorte also heard all of this evidence, and much more. He too agreed that the statutory presumption prevailed. There is no evidence that the best interest factors were ignored. The Wife has shown no clear abuse of discretion by either District Judge.

Issue No. 3.

Did the District Court order equal physical custody because it erroneously concluded the law required such an award?

This issue has no merit. There is no evidence that Judge Langen concluded that joint custody requires equal physical custody. In fact, Judge Langen's first choice was to award an unequal division of physical custody. During the February 26, 1988 hearing, Judge Langen originally requested the parties to work out an arrangement whereby the Wife would have the children for ten months during the school year and the Husband would have the two older children for two months

8

in the summer. Additionally, counsel for the Wife specifically advised Judge Langen at the close of the February 5, 1988 hearing, prior to the entry of the judgment and decree, that joint custody does not require equal physical custody. We find no abuse of discretion.

Issue No. 4.

Is this appeal limited to the issues of the supplemental order of September 23, 1988, or may we consider issues determined by the order of April 1, 1988?

The Wife argues that since the original order called for an August hearing to re-examine the custody arrangements, she could not timely appeal the original judgment and decree before Judge Sorte could hear the issues, and therefore, she should be able to challenge the discretion of Judge Langen with respect to the original order. Because we have decided to address the Wife's issues with respect to the original order above, we need not discuss this issue further.

Issue No. 5.

Was it error for either District Court Judge to make custody arrangements without establishing a final physical custody plan?

Section 40-4-104(1), MCA, provides in part:

> (1) The district court shall enter a decree of dissolution of marriage if:
>
> . . .
>
> (d) to the extent it has jurisdiction to do so, the court has considered, approved, or made provision for child custody, the support of any child entitled to support, the maintenance of either spouse, and the disposition of property.

Prior to amendment of this section in 1985, the word "property" was followed by the phrase "or provide for a

separate, later hearing to complete these matters." Recently, in In re Marriage of Ensign (Mont. 1987), 739 P.2d 479, 44 St.Rep. 1146, we held that the deletion of this language was an attempt by the legislature to prevent prolonged custody, support and maintenance battles. On this reasoning, the Wife argues it was error for the District Court to set later hearing dates to re-examine and determine physical custody for the future periods of time. We disagree.

Judge Langen determined in his April 1, 1988 judgment and decree that the parties would have joint custody. He also established support and divided the marital property. It was his decision to determine future physical custody after examining how the custody arrangement developed through the summer months. Judge Langen also wanted the parties to "take advantage of the experiences of the physical custody arrangements imposed by the Court in this Decree" and reach their own agreement regarding physical custody.

We find the court did not err when it retained jurisdiction to re-examine the physical custody arrangements when it was faced with such a bitter and hostile custody battle. But even if the Wife's assertions on this issue were correct, we do not understand how this position could further her case. She now has an opportunity to reach a custody agreement with her former husband which would better serve the best interest of the children. As we stated in Andre, 761 P.2d at 812:

> Although the end of a relationship
> is a time of great trauma, parents
> generally love their children and have
> the greatest interest in determining
> which of them can best care and provide
> for the child . . . In addition, parents
> are in a much better position to
> determine custody arrangements . . . It

> would be unrealistic to assume that the welfare of a child can better be determined by a court after a short period of self-interested testimony.

Wife has shown no clear abuse of discretion by either District Court Judge. The judgment and decree and the supplemental judgment and decree are affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Justices_