STATE ex rel. NESBITT, Relator, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT in AND FOR SILVER BOW COUNTY, et al., Respondents.

No. 8687

Submitted October 1, 1946. Decided October 16, 1946.

173 Pac. (2d) 412

Mr. A· G. Shone and Mr. Harlow Pease, both of Butte, for appellant.

Mr. P. E. Geagan and Mr. James F. O'Brien, both of Butte, for respondents.

MR. JUSTICE CHEADLE delivered the opinion of the Court.

Petition for writ of supervisory control.

Cause No. 40235 in the district court of Silver Bow County, entitled Mary E. Nesbitt, and Mary E. Nesbitt as guardian ad litem, of Robert Nesbitt, a minor, plaintiffs, v. The City of Butte, defendant, was tried before a jury in that court on March 28, 1944, resulting in a judgment in plaintiff's favor in the sum of $1,630. The defendant thereafter appealed to this court, the appeal being numbered 8577. By decision therein, this court upheld the judgment of the trial court in all respects, except that it held that the judgment and the verdict upon which it was based was excessive to the extent of $162.10. The last paragraph of the decision therein, remanding the cause, provides:

"Since such excessiveness of the verdict does not appear to have resulted from passion or prejudice on the part of the jury, and since the excess can be readily determined by mathematical calculation, we might with propriety modify the judgment by reducing it by the amount of the excess. However we feel that the better practice is to remand the cause for a new trial unless the plaintiffs shall agree to a reduction of the judgment to the extent of the excess. The cause is therefore remanded to the district court to grant a new trial, unless within 30 days after the remittitur is filed

with the clerk of that court, plaintiffs shall file their written consent that the judgment for damages be reduced to $1,467.90. If·such consent be filed, the judgment will be modified accordingly as of the date of its original entry, and, as so modified, will be affirmed.''

After filing of the remittitur with the clerk of the trial court, consent to the reduction in the amount of the judgment was filed on behalf of plaintiffs and the judgment was, by order, modified in conformity with the decision of this court, being reduced to the sum of $1,467.90. By such order plaintiffs were allowed their costs of suit, thereby taxed in the sum of $37.75.

Thereafter the defendant, the city of Butte, filed its memorandum of costs on appeal in the amount of $506.25. Thereupon plaintiffs filed motion to strike such memorandum from the files, which motion was denied, and defendant's costs on appeal were taxed and allowed in the sum of $506.25.

The sole question for determination is whether· or not the trial court correctly allowed and taxed the defendant's costs on appeal and denied plaintiffs' motion to strike the memorandum.

At the outset, it may be said that this court might have, ▆▆ ▆▆ and probably should have, expressly disposed of the question of the allowance of costs on appeal. Section 9791, Revised Codes, provides:

''In the following cases, the costs of appeal are in the discretion of the court:

''1. When a new trial is ordered.

''2. When a .judgment is modified.

''In all other cases the successful party shall recover from the other party his costs.'' The discretion referred to is the discretion of the appellate court. In re Williams' Estate, 52 Mont. 366, 157 Pac. 963. If the trial court in this instance considered that the decision by this court either ordered a new trial, or modified the judgment, then we think it had no discretion to make the order respecting costs on appeal which it did. The only apparent basis upon which such order

could be supported is that the appellant was the successful party to the appeal. We do not think that such is the case. The appellant was not successful in having the judgment of the trial court reversed or set aside on any of the several specifications of error involving legal questions presented. The judgment was upheld in all respects except that this court found that it was excessive in a small amount which was not supported by the evidence. It is true that as a result of the decision of this court the judgment was reduced in an unsubstantial amount, but this is not to say that such reduction constituted the appellant the successful party on the appeal. By the express terms of the decision, the judgment, as modified, was affirmed. We think that is plain that the respondents were the successful parties on the appeal, and that therefore they are entitled to their costs. It follows that the trial court was in error in awarding costs on appeal to the appellant.

It is therefore ordered that the petition herein be granted with the writ prayed for issue.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Angstman concur.