JUDA ANN KRAMER, Petitioner, v. JOIE KRAMER, Respondent.

No. 14106.
Submitted May 4, 1978.
Decided May 11, 1978.
578 P.2d 317.

Edward D. Yelsa argued, Anaconda, for petitioner.

Daniels & Mizner, Ted L. Mizner argued, Deer Lodge, for respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

· This matter arises on the petition of Juda Ann Kramer filed in this Court on December 21, 1977, for a writ of habeas corpus, to have delivered to her the custody of three minor children in accordance with a decree of dissolution of marriage entered on August 25, 1977, in the District Court, Powell County. Respondent here is Joie Kramer, the other party to the dissolution action.

On December 23, 1977, this Court ordered the District Court to hold a hearing on this petition, and to make findings of fact, conclusions of law and order within thirty days of our order. The

District Court did so, entering its order for a writ on February 3, 1978.

Earlier, following the entry of decree in the dissolution action in the Disrict Court, that court had entertained contempt proceedings against the husband Joie Kramer on the ground, among others, that he had failed to deliver custody of the three minor children of the parties to the wife. Husband was found to be in contempt of the District Court.

Notwithstanding, petitioner Juda Ann Kramer, has not yet received custody of the children.

The petition for habeas corpus was filed in this Court because of a misapprehension that the District Court was deprived of any jurisdiction of the parties when appeal was perfected from the decree of dissolution. However, the law in Montana is otherwise.

The judgment of the District Court awarding custody to the mother has not been stayed, either in this Court or the District Court. It is a judgment in full force and effect unless otherwise modified, vacated or reversed in this Court, or until stayed by a proper court order. In that circumstance the judgment is entitled to be enforced and obeyed.

This Court has held that a contempt proceeding is entirely independent of the civil action out of which it arose. *Myhre v. Myhre* (1976), 168 Mont. 521, 548 P.2d 1395, and cases cited therein. The District Court therefore has the authority to enforce its judgment, even though an appeal is pending thereon. Accordingly, petitioner has an adequate remedy in the District Court by contempt proceedings or by writ of habeas corpus to enforce the judgment of that court for the custody of the minor children.

The petition in this Court for a writ of habeas corpus is dismissed without prejudice, so that appropriate proceedings can be had in the District Court to enforce its decree.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.