No. 83-539

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
RAE MARIE KUZARA,

      Petitioner and Respondent,

   -vs-

JOSEPH KIM KUZARA,

      Respondent and Appellant.

---------------------------------------
No. 83-556

JOSEPH K. KUZARA,

      Relator,

   -vs-

DISTRICT COURT OF THE FOURTEENTH
JUDICIAL DISTRICT, et al.,

      Respondents.

---

APPEAL FROM:  District Court of the Fourteenth Judicial District,
             In and for the County of Musselshell,
             The Honorable R.C. McDonough, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Joseph K. Kuzara, pro se, Roundup, Montana

     For Respondent:

          Ralph L. Herriott, Billings, Montana

     For Amicus Curiae:

          Kathryn R. Baylis, On behalf of the Children,
          Roundup, Montana

---

Submitted on Briefs:  March 15, 1984

Decided: June 21, 1984

Filed:

---

*Ethel M. Harrison*
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

The District Court of the Fourteenth Judicial District entered a Decree of Dissolution of Marriage on August 8, 1983. Respondent (Husband) filed a Notice of Appeal of the Decree on September 7, 1983. Thereafter husband was found in contempt, and on December 27, 1983 Husband filed an application for Writ of Review of the trial court's contempt order. The Appeal from the Decree of Dissolution and the Writ of Review are consolidated for purposes of this Appeal.

Joseph Kim Kuzara and Rae Marie Kuzara were married on June 22, 1968. The parties' sons, Joseph Ray and David were born on November 10, 1970 and October 14, 1974, respectively.

Wife petitioned for dissolution of marriage on February 17, 1983. The only contested issue in the July 22, 1983 trial was child custody. The pleadings reveal that both parties requested sole custody and that at no point in the proceedings did either party or counsel request joint custody. The children were interviewed in chambers by the district judge prior to the hearing, but were not asked any questions regarding their preference as to custodial parent or visitation arrangements. The minor children did not testify as witnesses at trial.

At the conclusion of the dissolution hearing, the trial court indicated that joint custody was required by statute and instructed the parties to negotiate an appropriate agreement. A Decree of Dissolution was entered on August 8. September 7, Husband filed a Notice of Appeal from the Decree of Dissolution, alleging inter alia that joint custody of the children was an abuse of discretion since both parties found joint custody an unacceptable arrangement and had applied for sole custody. Husband moved the trial court on September 26

2

for an order staying execution of the child custody order pending appeal. The motion was denied.

After the decree was entered granting joint custody wife sought to take the children pursuant to terms of that decree. Husband refused to comply. Wife filed for contempt.

Judge Alfred B. Coate, the presiding district judge, disqualified himself from the cause pursuant to section 3-1-802, MCA. The Hon. R.C. McDonough was appointed by this Court to hear and decide the matter of enforcement of the child custody agreement and any indirect contempt of court in connection therewith. Following a hearing on November 4, Judge McDonough signed an order on December 9, finding the Husband in contempt for his failure to comply with the Decree by refusing to relinquish custody of the boys to Wife on the weekends specifically designated in the Decree. The contempt order imposed a fine of two hundred and fifty dollars ($250.00) on both counts of contempt but was stayed pending review.

Although the Appeal from the Dissolution Decree and the Application for Writ of Review are consolidated to facilitate review, clarity mandates each action be discussed individually.

The first issue is: If the trial court elects to interview the minor children involved in a custody dispute, must the court ascertain their desires as to custody and give appropriate weight to those desires in making its determination when the children are nearly nine and thirteen years of age?

Regarding the discretion of the district court in child custody cases this Court has said:

> "In reviewing orders which affect the custody of the child, this Court is mindful that the primary duty of deciding the proper custody of children is

3

a task of the district court. Thus, all reasonable presumptions as to correctness of that determination will be made. No ruling will be disturbed absent a clear showing that the district court's discretion was abused." Foss v. Leifer (1976), 170 Mont. 97, 550 P.2d 1309, 1311.

Section 40-4-212, MCA is the controlling statute here and states:

"Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parent or parents as to his custody;
(2) the wishes of the child as to his custodian;
(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
(4) the child's adjustment to his home, school and community; and
(5) the mental and physical health of all individuals involved."

The District Court's finding pertaining to child custody was:

"(5) That both parties are fit and proper persons to be awarded the custody of the minor children and that joint custody of the minor children of the parties is indicated."

This conclusion makes no reference to the best interest of the children. We recently held that:

"Prior decisions from this Court have established that the District Court must consider the wishes of the children regarding custody and make findings as to their wishes or why they were not followed." Murphy v. Murphy (Mont. 1983), 40 St.Rep. 1188, 1190.

In Re the Marriage of Kramer (1978), 177 Mont. 61, 580 P.2d 439, 444, this Court stated:

"We believe the welfare of the children, particularly children of the ages involved here, is not being served if their wishes are not considered by the trial court. Therefore, we hold the court should make a specific finding, stating the wishes of the children as to their custodian, and, if the court determines that the children's wishes are not to be followed, the court should state in its

4

findings the reason it has chosen not to follow their wishes." (emphasis added)

Where the district court elects to interview the children in chambers, the record and the court's findings should reflect the children's wishes. Absent this requisite judicial rationale, the interview is an empty exercise.

The trial court's findings relating to joint custody serving the best interest of the Kuzara children are insufficient as a matter of law. For this reason, the dissolution decree is vacated and remanded.

In light of this initial decision to vacate the Decree, the second issue introduces the following question: What effect does vacating a trial court's order by this Court have upon the validity of a Contempt Order which was issued by the trial court to enforce the vacated decree?

A judgment remains in full force and effect unless otherwise modified, vacated or reversed by this Court, or until stayed by a proper court order. Kramer v. Kramer (1978), 176 Mont. 362, 578 P.2d 317, 318. Under these circumstances, the judgment is entitled to be enforced through proper authority of the district court. The judgment of the district court awarding joint custody of the Kuzara children was not stayed.

This Court has held that a contempt proceeding is entirely independent of the civil action out of which it arose. Myhre v. Myhre (1976), 168 Mont. 521, 548 P.2d 1395. The district court therefore has the authority to enforce its judgment even though an appeal is pending thereon. Contempts are punishable because of the necessity of maintaining the dignity of and respect toward the courts and their decrees. 17 Am.Jur. 2d, Contempt section 2.

5

The application for Writ of Review is denied. The contempt order is a valid enforcement of the Dissolution Decree which was in full force and effect at the time of the contempt proceedings. The Decree is vacated and remanded with directions to hold a hearing which shall include determining the preferences of the children followed by findings which address the best interests of those children.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice L. C. Gulbrandson, specially concurring.

I concur with the holdings of the opinion of both issues.

With respect to the first issue, regarding specific findings as to the children's preference of parent, I would limit the requirements to those set forth in sections 40-4-212 and 40-4-214, MCA.

As a practical matter, most children will not indicate a preference of parent unless they are assured that the non-preferred parent will not be told of their choice. Even the presence of counsel and a court reporter has a definite chilling effect. In my view, Kramer, supra, extends the statutory requirements and I would modify that decision accordingly.

_____
Justice

7