No. 86-64

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
RAE MARIE KUZARA,

        Petitioner and Respondent,

   and

JOSEPH KIM KUZARA,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Fourteenth Judicial District,
               In and for the County of Musselshell,
               The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph K. Kuzara, pro se, Roundup, Montana

    For Respondent:

        Ralph L. Herriott, Billings, Montana

_____

Submitted on Briefs: August 28, 1986

Decided: November 20, 1986

Filed: NOV 20 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant Joseph Kim Kuzara appeals from a final award of joint custody and denial of costs on appeal from the Musselshell County District Court after a hearing on remand from this Court for sufficient findings of fact relating to the best interests of the Kuzara children.

We affirm the District Court in part but remand the case with instructions to amend the decree to include reasons for not ordering child support and to include the other applicable portions of the original dissolution decree that had been omitted from the final decree.

The issues on appeal are:

1. Did the District Court err in denying appellant's motion for costs on the original appeal?

2. Did the District Court err after ordering home investigations and reports by not making them available to the parties for review?

3. Do the District Court's findings support an award of joint custody?

4. Did the District Court err in failing to state reasons for not ordering child support and a joint custody implementation plan?

The parties were married on June 22, 1968, and two children were born: Joseph Ray Kuzara on November 10, 1970 and David Michael Kuzara on October 14, 1974. The dissolution was initiated by the mother on February 17, 1983, and the matter was heard on July 22, 1983. A decree of dissolution signed on August 8, 1983, provided for joint

- 2 -

custody of the parties' minor children with physical custody to remain in the father.

In addition, the original decree provided that the minor children spend alternating weekends and Easter, Labor Day, Thanksgiving and Christmas with respondent. Thirty days each summer vacation were to be spent with the respondent mother as well.

On September 7, 1983, the father filed a notice of appeal of the dissolution decree. On October 5, 1983, a show cause order was issued by the District Court, upon motion of the mother, seeking termination of the joint custody provisions of the decree and that the father be held in contempt of court for failing to abide by the decree. A hearing on the order to show cause was held on November 4, 1983, at which time the father was found to be in contempt. Because of his objections to the termination of joint custody, no consideration of the requested change of custody was made at that time.

Thereafter the father applied for a writ of review before this Court and that action was then consolidated with the appeal of the decree of dissolution by this Court. The mother did not appear on the original appeals on these matters. In November, 1983, the parties' children, through their attorney, moved this Court for permission to appear as amici curiae and a brief was then filed on their behalf.

In our June 21, 1984 order, this Court denied the application for appellant's writ of review of his contempt proceeding. In Re Mar. of Kuzara (Mont. 1984), 682 P.2d 1371, 41 St.Rep. 1201. We vacated the dissolution decree and remanded with directions for a hearing to determine

sufficient findings regarding the children's desires as to custody and best interests of the Kuzara children.

In August, 1985, the District Court held a hearing pursuant to the above order. The Kuzara children were interviewed in chambers. Both children said they would "probably prefer" to stay with their father, the appellant, and work out visitation with their mother. They liked living in Roundup since they grew up there and all their friends and sports activities were there. Thus they did not wish to move to Billings with their mother.

On October 23, 1985, the District Court found it to be in the children's interest to grant joint custody once again. The findings stated that the home investigation reports for both parents were evaluated by the District Court. Appellant was awarded physical custody and a flexible visitation schedule was delineated for the respondent.

The court also found that based on § 25-10-104, MCA and State ex rel. Nesbitt v. District Court (1946), 119 Mont. 198, 173 P.2d 412, no significant legal issues were reversed in favor of either party and the parties were ordered to pay their own costs on the original appeal. Both parties were ordered to share the cost of counsel for the minor children.

Appellant's first contention is that the District Court abused its discretion when it denied his motion for costs on the original appeal because costs should automatically have been awarded to him under Rule 33, M.R.App.Civ.P.

Rule 33, M.R.App.Civ.P. reads in part as follows:

(d) Costs in original proceedings . . . and if not otherwise provided by the court in its decision, will be awarded to the successful party against the other party.. . .

Appellant contends he was the successful party on the original appeal. The District Court disagreed with this contention and held that the slight modification in the previous decree did not make appellant the successful party on the appeal.

The interpretation of the term "successful party" was discussed by this Court in State ex rel. Nesbitt v. District Court, supra. In that case, defendant appealed an award for the plaintiff and this Court decreased the amount that had originally been awarded to the plaintiff. This Court found that if appellant was successful, costs could be recovered from the other party pursuant to the statute. We held that while the award was slightly decreased this could not be considered a success for the appellant. No legal questions were reversed.

In this case, there were minor changes made in the grant of custody and no legal questions were reversed. Nesbitt is persuasive here. We affirm the decision to hold each party responsible for its own costs on the original appeal and that the costs of the children's lawyer be equally divided between the parties.

Appellant next contends that the District Court erred in not making the home investigation reports available to the parties or providing an opportunity for cross-examination on them.

The hearing on remand was held in August, 1985. At the hearing, motions were made and granted for a home investigation and report on each party's home. The reports were received by the District Court at the end of September and early October. Neither party received a copy of the reports.

The reports indicated that both homes appeared suitable for the children and that the children's custodial desires should be taken into account in reaching a decision.

Section 40-4-215(3), MCA, says:

(3) The court shall mail the investigator's report to counsel and to any party not represented by counsel at least 10 days prior to the hearing. The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data and reports, complete texts of diagnostic reports made to the investigator pursuant to the provisions of subsection (2), and the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call the investigator and any person whom he has consulted for cross-examination. A party may not waive his right of cross-examination prior to the hearing.

The District Court did err in not forwarding copies of the reports to counsel upon their receipt. Copies should have been mailed for review by counsel pursuant to § 40-4-215, MCA. However, a review of the record indicates that the reports provided no additional information or insight for the District Court to rely on in making a custody determination. Therefore, in the specific limited circumstances of this case, we hold that such error was harmless.

Appellant's third contention is that the District Court's findings do not support an award of joint custody. In particular, he claims that the findings are not specific with regard to the children's wishes, do not reflect the desires of the children, and do not contain any reasons why the desires of the children were not followed.

We do not agree.

The Kuzara children were interviewed in chambers by the trial judge at the remand hearing and their desires were ascertained. They indicated they wanted to reside in

finding will not be disturbed and appellant must facilitate the decree as ordered.

The next contention raised by appellant is that the District Court erred in not ordering a custody implementation plan. This is not supported by the evidence. Custody proposals were presented and the District Court chose an arrangement which was flexible enough to incorporate the concerns of the children and the parties. There was no error in this regard.

Finally, appellant claims the District Court erred in failing to state reasons for not ordering respondent to pay child support. In October, 1983, § 40-4-204(2), MCA, was enacted. It states that:

> (2) If the court does not order a parent owing a duty of support to a child to pay any amount for the child's support, the court shall state the reasons for not ordering child support.

Respondent argues that child support provisions were covered by the August 8, 1983 decree and these original provisions remained in effect.

On June 21, 1984, this Court vacated the original decree and remanded the case. Thus the original decree was no longer in effect. Section 40-4-204(2), MCA, was effective law at the time this second decree was signed. The District Court did err by omitting the reasons for not ordering child support and by not including the rest of the applicable terms from the original decree in the final decree. This case is therefore remanded to the District Court with instructions to amend the October 23, 1985 decree to include reasons for not ordering child support and to include the other applicable portions of the dissolution decree that were included in the

original decree but omitted in the final decree. The award of joint custody and costs on appeal are fully affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Roundup, Montana, with their father; to remain in school in Roundup; and to work out a suitable visitation arrangement with their mother. The youngest son indicated he had not liked the past joint custody arrangements but did want to continue seeing his mother. The boys expressed concern that they be able to continue in sports and that weekend visitation not interfere with those events. They also indicated some problems getting along with their new stepfather in Billings.

Physical custody was granted to the father. The children were allowed to remain in the Roundup school system. A flexible visitation plan was provided so that visitation with their mother could occur six weekends each quarter. Those weekends were to be worked out between the children and their mother without interference from their father.

Appellant's claim that the judge did not properly consider the children's desires is meritless. A judge need not go along with a child's simple statement that he does not like joint custody. A review of the findings of fact and conclusions of law reveals that the District Court considered the desires of the children as instructed by this Court. It incorporated those desires into the decree in a manner it deemed to be in the children's best interest. It appears that appellant would only be satisfied with an extremely limited grant of visitation to respondent. Whether that grant of custody was sole custody or joint custody, § 40-4-223, MCA, does not allow appellant to deny respondent the opportunity for frequent and continuing contacts with her children. Here joint custody was found by the District Court to be in the best interests of the Kuzara children. That

- 7 -