No.   89-310

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
SHERRY M. SUSEN,

                    Petitioner and Appellant,
          and

THEODORE C. SUSEN,

                    Respondent and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John Henson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant(s):

          Arthur D. Agnellino, Esq., Due Process Legal
          Clinic, Missoula, MT

     For Respondent(s):

          Kristine Davenport, Esq., Missoula, MT

Submitted:   Dec. 7, 1989

Decided:   March 9, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Sherry M. Susen, petitioner and appellant, appeals from a custody order entered by the District Court of the Fourth Judicial District, Missoula County. We affirm.

This Court summarizes the issues on appeal as follows:

1. Whether the District Court erred in its decision not to interview the minor child and inquire as to her wishes.

2. Whether the District Court considered the child's special needs and best interests in awarding joint legal and physical custody of the minor child on an equal basis.

3. Whether the District Court's findings of fact and conclusions of law were sufficient to support its custody order.

Appellant, Sherry Susen, and respondent, Ted Susen, were married on September 21, 1981. Both parties were United States Postal workers and earned $27,000 to $28,000 per year. One child was born of the marriage, Kelly Anne Susen, who is now in kindergarten. Because of chronic ear infections, Kelly has a speech and language disorder, requiring therapy and treatment.

Sherry filed a petition for dissolution in the District Court of the Fourth Judicial District, Missoula County, and the District Court entered its findings of fact, conclusions of law and order on January 16, 1987, in which the parties received joint legal and physical custody of Kelly on an equal basis. Specifically, since the parties both lived in Missoula at the time of the dissolution, the court decreed that the parties would alternate physical custody of Kelly, rotating every two weeks.

On February 1, 1989, Sherry accepted employment with the postmaster in Roseburg, Oregon, that would commence on February 25, 1989. On February 6, 1989, Sherry filed a motion with the District

Court for modification of custody, requesting primary physical custody. On February 10, 1989, the parties signed a stipulation in which they agreed not to move Kelly out of Missoula County until further order of the court. On February 17, 1989, Ted filed a response, opposing Sherry's motion and moved the court that, in the event Sherry relocates out of Missoula County, he be granted primary physical custody.

On February 21 and 28, 1989, a hearing was held on the parties' motions. On March 30, 1989, the court issued its findings of fact and conclusions of law and order. The court found both parties to be fit parents.

In 1987, Ted remarried. His new wife, Patricia, assists in caring for Kelly, and the court, in its March 30, 1989 findings, found that Patricia interacts well with Kelly and that the two have a good relationship. Patricia has two children from a prior marriage whom the court also found interacted well and had a good relationship with Kelly. Also, Ted's parents live in Missoula a portion of the year and are active in Kelly's life.

The court modified the existing arrangement and ordered that Ted would have physical custody through June 30, 1989; Sherry would have physical custody from July 1, 1989 to one week before Kelly began school in Missoula; Ted would have physical custody from then until July 22, 1990; Sherry would have physical custody from then until July 22, 1991; and from that point on Ted and Sherry would alternate physical custody of Kelly each year until she reaches the age of majority. From the order Sherry appeals.

The first issue raised on appeal is whether the District Court erred in its decision not to interview Kelly and inquire as to her wishes.

Sherry argues that the District Court's decision not to interview Kelly and inquire as to her wishes violates § 40-4-212(b), MCA, which provides that the court shall determine custody in accordance with the best interests of the child and in doing so shall consider the wishes of the child. While the statute does require the court to consider the wishes of the child, it does not

require that the court interview the child. See In re the Marriage of Hickey (1984), 213 Mont. 38, 42, 689 P.2d 1222, 1224. Here, the court specifically found in its January 16, 1987 findings that all of the witnesses who testified at the hearing stated that Kelly loves and enjoys being with both of her parents and that Kelly has a good relationship with both. In making such a finding, which was supported by testimony, the District Court has complied with § 40-4-212(b), MCA.

The second issue raised on appeal is whether the District Court considered Kelly's special needs and best interests in modifying the original custody arrangement and awarding joint legal and physical custody of Kelly on an equal basis.

Section 40-4-219, MCA, provides:

<u>The court may in its discretion modify a prior custody decree</u> if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the <u>modification is necessary to serve the best interest of the child</u> and if it further finds that:

. . .

(f) the custodial parent has changed or intends to change the child's residence to another state. (Emphasis ours.)

Here, parties were awarded joint legal and physical custody on an equal basis to alternate each year. Montana favors joint custody. Section 40-4-222, MCA. Equal physical custody between parties is also favored when in the best interests of the child. Section 40-4-224(2), MCA. The court specifically found that the joint and physical custody arrangement shared by the parties since the time of the dissolution was satisfactory and no reason to discontinue the arrangement had been set forth. However, because the parties now live in separate states, the District Court, in its

4

March 30, 1989 order, implemented a summer and school year schedule which alternated custody between parties annually.

Sherry appeals from the order and argues that Kelly has special needs for which Sherry can provide if deemed primary custodian. Kelly suffers from a speech and language disability brought on by chronic ear infections. She is currently being treated for her disability in Missoula.

Nonetheless, the best interest factors of § 40-4-212, MCA, are determinative of the issue. The court found that it was in Kelly's best interest for the parties to share joint legal and physical custody of her on an equal basis.

The standard of review in a custody determination is that this Court will not disturb a district court's findings unless they are clearly erroneous. In Re the Marriage of Ereth (1988), 232 Mont. 492, 494, 757 P.2d 1312, 1313. The District Court's decision will be upheld unless a clear abuse of discretion is shown. In Re the Marriage of Rolfe (1985), 216 Mont. 39, 44, 699 P.2d 79, 82. Here, Sherry has not presented persuasive evidence against the court's findings. There was no abuse of discretion.

The third issue raised on appeal is whether the District Court's findings of fact and conclusions of law were sufficient to support its custody order.

Sherry argues that the District Court's findings and conclusions did not address the best interest considerations set forth in § 40-4-212, MCA, and, thus, were insufficient. We

disagree. The court's order of March 30, 1989, was supported by 20 findings.

Finding no. 8 provided:

That the District Court Judge made lengthy and specific <u>Findings of Fact on January 16, 1987</u> that it was in the <u>best interests</u> of the parties' minor child for the parties to share joint legal and physical custody of said child on an equal basis. (Emphasis ours.)

Finding no. 12 provided:

That the testimony at the hearing of this matter, <u>together with the Findings of Fact entered on January 16, 1987,</u> show that . . . (Emphasis ours.)

The January 16, 1987 order contained 58 findings which included the best interest factors set forth in § 40-4-212(1)(a)-(e), MCA. The March 30, 1989 order sufficiently incorporated the best interest findings of the January 16, 1987 order by reference. We hold the findings sufficient.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices