No. 90-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

GREGORY SCOTT MERRIMAN,

Petitioner and Appellant,

-v-

LORRI KAY MERRIMAN,

Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Brett C. Asselstine, Great Falls, Montana

        For Respondent:

        Marcia Birkenbuel, Great Falls, Montana

FILED

MAR 19 1991

Filed:  *Ed Smith*
        CLERK OF SUPREME COURT
           STATE OF MONTANA

Submitted on briefs: January 31, 1991

Decided: March 19, 1991

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Petitioner, Gregory Scott Merriman, initiated dissolution proceedings against respondent, Lorri Kay Merriman, in District Court for the Eighth Judicial District, Cascade County. The District Court awarded the parties joint custody of the two minor children of the marriage, with primary physical custody awarded to Mrs. Merriman. Mr. Merriman appeals the custody determination. We affirm.

The issue is did the District Court abuse its discretion in making the child custody determination.

The parties were married in 1983. In 1987 Mr. Merriman was injured on his job and began receiving Workers Compensation benefits. At about the same time Mrs. Merriman joined the Army Reserves. In 1989 Mrs. Merriman was ordered to Korea for a year for a tour of duty that would not allow her to take her family with her. Mrs. Merriman was served with the Summons and Petition for Dissolution four days before she was to report overseas. The District Court enjoined further proceedings until Mrs. Merriman returned from Korea.

Mr. Merriman cites the following factors as proof that the District Court abused its discretion in awarding primary physical custody to Mrs. Merriman. (1) Mr. Merriman asserts that he should have been awarded primary custody because he was a good primary caretaker while Mrs. Merriman was away on duty overseas. (2) The daughter, age 5, testified that she wanted to live with her father;

and the son, age 7, testified that he _thinks_ he wants to live with his mother. (3) Mrs. Merriman had been sexually abused by her father as a child and yet she allows her father to see the children. (4) The District Court did not appoint an attorney to represent the children pursuant to § 40-4-205, MCA, and did not order a custody investigation pursuant to § 40-4-215, MCA.

The standard of review in a custody determination is that this Court will not disturb a district court's findings unless they are clearly erroneous. The district court's decision will be upheld unless a clear abuse of discretion is shown. Rule 52(a), M.R.Civ.P.; Marriage of Susen (Mont. 1990), 788 P.2d 332, 334, 47 St.Rep. 528, 531. Mr. Merriman has not presented persuasive evidence of a clear abuse of discretion.

Section 40-4-212, MCA, lists the relevant factors that a district court must consider in making a child custody determination. The court is not required to make a specific finding on each of the factors but need only express the "essential and determining" facts upon which it rests its conclusions. Lorenz v. Lorenz (Mont. 1990), 788 P.2d 328, 332, 47 St.Rep. 546, 550.

The District Court based its custody determination on the following:

Findings of Fact 15 and 16 state:

> 15. The minor children have a close and loving relationship with both of their parents. Both parents have acted as primary caretakers for the children and both have the ability to care for the children. However, the children have had a much more difficult time adjusting to separation from their mother than the

3

separation from their father. The Respondent has a secure employment status and is financially able to provide for her support and the support of the children. The Petitioner's employment situation is unclear at best, and although his income from worker's compensation is barely sufficient to provide for his own needs, he does not seem at all anxious to find employment.

16. It is in the best interests of the children if the parents share joint legal custody, with the Respondent to be designated as the primary custodial parent, and the children to live with her during the school year. It is in the best interests of the children if the Petitioner be granted the right to have the physical custody of the children each summer from one week after school gets out until one week before school starts, and on alternating holidays.

Conclusion of Law 2 states:

2. That it is in the best interest of the minor children if their custody were awarded to the parties jointly, with the Respondent as primary custodial parent, and the children to reside with her, and the Petitioner to have physical custody of the children at the times designated in Finding number 16 above. The Court makes this conclusion after consideration of all of the factors set out in Sections 40-4-212, 222, and 223, MCA.

I

Mr. Merriman asserts that he should have been awarded primary custody because he was a good primary caretaker while Mrs. Merriman was away on duty overseas. The evidence presented showed that both parents had loving relationships with the children and would be good caretakers. When conflicting evidence has been presented, this Court will not overturn the District Court's findings unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.; Susen, 788 P.2d at 334. The District Court did not err in failing to give Mr. Merriman primary physical custody because he was a good primary care provider while Mrs. Merriman was away on duty overseas.

4

## II

Mr. Merriman claims that the failure of the Court to make a specific finding as to the wishes of the children and why those wishes were not followed necessitates a reversal of the custody order. We disagree.

The Merriman children were interviewed by the trial judge and their wishes were ascertained. The trial judge is singularly equipped to assess the ability of a young child to formulate and articulate his/her custody wishes and weigh that preference in light of the other evidence and factors enumerated in § 40-4-212, MCA. Marriage of Murphy (1983), 205 Mont. 162, 165, 666 P.2d 755, 757. As an appellate court we cannot reassess the weight of a particular witness's testimony. The District Court does not commit error by assigning "little" weight to the wishes of a young child. Murphy, 205 at 165, 666 P.2d at 757.

The children in this case were 5 and 7 years of age. A review of their testimony in light of other testimony supports the District Court's conclusion that the children's expressed wishes were not determinative of their best interests. A review of the findings of fact and conclusions of law as a whole reveals that the District Court considered the desires of the children along with all of the other factors of § 40-4-212, MCA. See Marriage of Kuzara (1986), 224 Mont. 124, 128-29, 728 P.2d 786, 788-89. The District Court did not err in failing to follow the wishes of the children in its custody determination.

## III

Mr. Merriman asserts that the fact that Mrs. Merriman was sexually abused by her father until she was 19 years of age indicates sexual promiscuity and immoral life style that should have been considered by the District Court. The fact that Mrs. Merriman was a child victim of sexual abuse has no relevance under § 40-4-212, MCA, unless there has been evidence presented that the abuse affected her mental or physical health to such an extent that her ability to act as a primary caretaker is diminished. No such evidence was presented. Mr. Merriman also cites evidence that Mrs. Merriman allows her father to see the children. There was also evidence presented that Mrs. Merriman had reported the abuse by her father, her father has been prosecuted, and that she does not allow visitation by her father unless she is present. The District Court did not err in failing to give Mr. Merriman primary physical custody because Mrs. Merriman was a child victim of sexual abuse.

## IV

Mr. Merriman claims reversible error because the District Court failed to appoint an attorney for the children pursuant to § 40-4-205, MCA, and order a custodial investigation pursuant to § 40-4-215, MCA.

Section 40-4-205, MCA, provides that the Court may appoint an attorney to represent the interests of minor children. Likewise, a custody investigation pursuant to § 40-4-215, MCA, is not mandatory. Mr. Merriman did not request the District Court to

appoint an attorney for the children and did not request an investigation. This Court will not consider for the first time on appeal an issue which was not raised in the District Court. Easton v. Easton (1978), 175 Mont. 416, 422, 574 P.2d 989, 993.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices