No. 97-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 242N

IN RE THE PATERNITY OF

KODY CHARLES BOYER,

A Minor Child.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Richland,

Honorable Richard G. Phillips, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Peter O. Maltese, Attorney at Law, Sidney, Montana

For Respondent:

Philip N. Carter, Attorney at Law, Sidney, Montana

No

Submitted on Briefs: September 10, 1998

Decided: October 15, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2 This is an appeal from an order modifying visitation of and child support for the parties' minor child, Kody Charles Boyer. We affirm the judgment entered by the Seventh Judicial District Court, Richland County.**

**¶3 On appeal, Kody's father, Aaron Franz, argues that the District Court abused its discretion in failing to adequately expand his visitation rights and in failing to grant him the right to physical custody of Kody in alternating years. Franz argues that the court further abused its discretion by failing to adequately reduce his child support obligation and by failing to order Kody's mother, Jennifer Boyer, to pay his attorney fees.**

**¶4 The parties agree to the proper standards of review on all issues raised on appeal. As to the first issue, Franz takes the position that the court, having determined that a joint custody arrangement was in Kody's best interest, abused its discretion in not making the allocation of time Kody spends with each of his parents as equal as**

possible. Franz asserts that equal custody time is required under this Court's opinion in *In re Marriage of Susen* (1990), 242 Mont. 10, 788 P.2d 332. He also cites the § 40-4-224, MCA (1995), requirement that physical custody and residence of the child within a joint custody arrangement must be allotted "to assure the child frequent and continuing contact with both parents. The allotment of time between the parents must be as equal as possible[.]"

¶5 This Court's ruling in *Susen* was that equal physical custody between parties is favored when in the best interests of the child. *Susen*, 242 Mont. at 13, 788 P.2d at 334. In the present case, the record portrays two good parents interested in Kody's welfare. However, we agree with the District Court that Franz has not established any benefit to three-year-old Kody from a custody plan under which he would bounce back and forth between his parents' houses in alternating years in order to provide them with equal physical custody. The visitation schedule set by the District Court provides Kody with frequent and continuing contact with both parents. Under that schedule, Franz has Kody every other weekend, on Wednesday evenings and alternating holidays, and during more than seven weeks in January, February, and July of each year. In making its custody determination, the court worked around Franz's work schedule, which Franz concedes he must maintain in order to provide monetary child support. After reviewing the record, we conclude that the court did not abuse its discretion in the custody scheduling order it entered.

¶6 In regard to child support, Franz maintains that the court erred by deducting the costs of child care from the fulltime minimum wage income which it imputed to Boyer. Franz points out that his mother testified that she would babysit Kody for free. But the testimony of Franz's mother and of Boyer demonstrated a degree of friction between them which may well affect the desireability of Franz's mother being Kody's fulltime babysitter. Further, Franz's mother also testified that she works for her family's construction business, which would appear to affect her ability to babysit fulltime, although that issue was not fully explored at trial. Franz also maintains that the court erred in failing to grant him a variance from child support guidelines due to his medical expenses and debt to his parents. Franz's trial evidence was equivocal, at best, on these points. Cross-examination on the medical expenses indicated that Franz's parents had been paying some of those for him, and Franz offered no written documentation of his debt to his parents. We hold that the District Court did not abuse its discretion in failing to award Franz's requested variance from the child support guidelines or err in setting child support.

**¶7 Finally, our review of the record convinces us that the District Court did not abuse its discretion in declining to order Boyer to pay Franz's attorney fees.**

**¶8 Affirmed.**

/S/ J. A. TURNAGE

We concur:

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER