FILED

December 30 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0060

DA 14-0060

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 347N

IN RE THE MARRIAGE OF:

CHRISTINA JEAN ATKINSON,
f/k/a Christina Jean Rannebarger,

      Petitioner and Appellant,

  and

ROBERT NICHOLAS RANNEBARGER,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 08-1274
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Erik M. Moore, Attorney at Law, Billings, Montana

      For Appellee:

          Jeff A. Turner, Towe, Ball, Mackey, Sommerfeld & Turner, PLLP,
Billings, Montana

Submitted on Briefs:  November 6, 2014
Decided:  December 30, 2014

Filed:

                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christina Atkinson appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, granting a motion to modify a parenting plan. Christina argues that the District Court abused its discretion by adopting the proposed parenting plan of Robert. She maintains that the District Court failed to properly consider and apply the statutory factors governing custody determinations and ignored evidence showing the best interests of the children were served by residing with her. We affirm.

¶3 Christina Atkinson and Robert Rannebarger divorced in January 2009. The parties have two minor children, T.R. and B.R. The original parenting plan named Christina as the primary custodial parent of the children. Robert moved to Colorado in September 2009 and has remained there since.

¶4 In October 2011, Christina asked Robert to take the children to Colorado. Christina had suffered a miscarriage and was troubled with depression and suicidal thoughts. Under the new, informal agreement, the children visited Christina during holidays. During a visit for Christmas in 2012, Christina decided to keep the children and did not return them to Robert in Colorado. Christina then reinstated a claim for child

2

support with the Child Support Enforcement Division (CSED). CSED determined that Robert was current on his support obligations.

¶5 While in her care, Christina enrolled the boys in counseling with therapist Flor Lopez. In July 2013, Christina obtained a temporary order of protection against Robert and included the children on the order. The basis of the order was allegations of threatening and vulgar text messages. In October 2013, Robert moved to amend the parties' parenting plan.

¶6 On January 21, 2014, following a hearing, the District Court issued its Findings of Fact, Conclusions of Law and Order in which it adopted Robert's amended parenting plan. The plan provides that T.R. and B.R. reside primarily with Robert in Colorado. The children visit Christina during certain holidays and summer vacations.

¶7 We review for clear error the findings of fact underlying a district court's decision to modify a parenting plan. *In re Klatt,* 2013 MT 17, ¶ 12, 368 Mont. 290, 294 P.3d 391. If the findings are not clearly erroneous, "we will reverse the district court's decision only where an abuse of discretion is clearly demonstrated." *Klatt*, ¶ 12 (citations omitted). This Court reviews de novo the issue of whether the court's actions conform to the statutory requirements. *Klatt*, ¶ 12.

¶8 A court may amend an existing parenting plan if it finds that "a change has occurred in the circumstances and that the amendment is necessary to serve the best interests of the child." Section 40-4-219, MCA; *In re Marriage of Oehlke*, 2002 MT 79, ¶ 14, 309 Mont. 254, 46 P.3d 49. In determining the best interest of the child, the court considers a non-exhaustive list of factors including: the wishes of the parents; the child's

3

adjustment to home, school, and community; the mental and physical health of all individuals involved; physical abuse or threats of physical abuse; continuity and stability of care; and the developmental needs of the child. Section 40-4-212, MCA. Additionally, the court may consider the effect of one parent's refusal to allow the other parent contact with the child. Section 40-4-219(1)(d), MCA. Although the court is not required to make a specific finding on each of the factors, it must note the "essential and determining" facts upon which it rests its conclusions. *In re Marriage of Merriman*, 247 Mont. 491, 493, 807 P.2d 1351, 1353 (1991).

¶9 The District Court's findings are not clearly erroneous. The court found that substantial changes had arisen due to changes in both parents' residences, informal modifications to the plan, and the deterioration of the parents' relationship. While Christina asserts that the District Court failed to make findings on the statutory factors, the record shows otherwise. The court made multiple, separate findings on the children's developmental needs, Christina's mental health, the children's adjustment to life in Colorado, and the possibility of physical abuse by Robert.

¶10 In making its findings, the court also considered the effect of Christina's unilateral choice to keep the children without consulting Robert. The Court pointed to facts establishing that Robert had facilitated continued contact between the children and their mother, whereas Christina had blocked contact, including on important dates such as birthdays. While this Court is troubled by the vulgar and hostile language used in texts between Robert and Christina, the District Court was in the best position to examine the possibility of physical violence between the parties.

4

¶11 Christina also argues that the District Court abused its discretion by not considering Flor Lopez's testimony and reports. The District Court's Order indicates that it considered Ms. Lopez's testimony and that Ms. Lopez testified that she saw no safety concerns with Robert. At the hearing, Ms. Lopez agreed that the children should reestablish a relationship with their father.

¶12 The District Court found that placement with Robert best served the interests of the children. The court's findings, supported by testimony at the hearing, established that the children thrived in Colorado, where they had many friends and family. The court also found that B.R. had overcome developmental deficiencies while enrolled in pre-school in Colorado and that the boys benefited from a stable home life while living with their father.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's decision to modify the parenting plan was not clearly erroneous and the court adequately considered the children's best interests in adopting Robert's proposed parenting plan. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶14 We decline to award costs or fees.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT